# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re: Jeffrey G. Wood | No. 2:19-mc-00146-JHR<br>(Civil Action No. 1:18-cv-02486-MKB-PK,<br>U.S.D.C. Eastern District of New York) |

## *MEMORANDUM DECISION AND ORDER ON NON-PARTY JEFFREY G. WOOD'S MOTION TO QUASH SUBPOENA*

Pursuant to Federal Rule of Civil Procedure 45, Jeffrey G. Wood, a nonparty, seeks to quash a subpoena served upon him by Alcon Vision, LLC ("Alcon"), the plaintiff in the underlying litigation, noted above, pending in the United States District Court for the Eastern District of New York ("E.D.N.Y."). *See* Non-Party Jeffrey G. Wood's Motion To Quash Subpoena ("Motion") (ECF No. 1) at 1. Because the documents Alcon seeks are obtainable from parties to the underlying case, its subpoena imposes an undue burden on Mr. Wood. Accordingly, I grant the motion.

### I. Applicable Legal Standards

Rule 45 provides, in relevant part, "[o]n timely motion, the court for the district where compliance is required" – in this case, the District of Maine – "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).[1] The movant bears the burden of establishing that the portions of the subpoena at issue impose an undue burden on him. *See, e.g.*, 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* ("Wright & Miller") § 2463.1, at 507 (3d ed. 2008).

---

[1] The subpoena commands Mr. Wood to produce documents in Portland, Maine. *See* Subpoena To Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action ("Subpoena"), Exh. A (ECF No. 1-1) to Motion, at Page ID # 24.

1

"Whether a subpoena subjects a witness to undue burden . . . usually raises a question of the reasonableness of the subpoena[,]" requiring "a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it[.]" *Id*. at 501 (footnote omitted). "[T]his process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source[,]" which is "obviously . . . a highly case specific inquiry and entails an exercise of judicial discretion." *Id*. at 501-06 (footnotes omitted).

"In addition, subpoenas duces tecum to a third party are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26." *Hume v. Consol. Grain & Barge, Inc.*, CIVIL ACTION NO. 15-935, 2016 WL 7385699, at *2 (E.D. La. Dec. 21, 2016) (citations and internal quotation marks omitted). *See also, e.g., EEOC v. Tex. Roadhouse, Inc.*, 303 F.R.D. 1, 2 (D. Mass. 2014) ("A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement.").

In turn, Rule 26 provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). As in the case of Rule 45(d)(3)(A)(iv), analysis pursuant to Rule 26(b)(1) requires the court to "engage[] in a balancing test, weighing the defendants' need for this information, the availability of other means of obtaining it, and the burden placed on the claimants by the subpoenas." *Tex. Roadhouse*, 303 F.R.D. at 2.

## II. Background

Alcon, the plaintiff in the litigation pending in the E.D.N.Y., is a manufacturer of soft contact lenses that it sells to distributors throughout the world. Motion at 1. Alcon brought suit for, *inter alia*, trademark infringement against Allied Vision Group, Inc. ("AVG") and National Lens LLC ("NL"), wholesale distributors of contact lenses within the United States. Motion at 2; Plaintiff Alcon Vision, LLC's Opposition to Jeffrey G. Wood's Motion To Quash Subpoena ("Opposition") (ECF No. 6) at Page ID # 412.[2] Alcon alleges that AVG and NL import and sell Alcon contact lenses that are not intended to be sold in the United States, lack Alcon's safety and usage information for U.S. consumers, may not be compliant with U.S. Food and Drug Administration standards, and may not be authentic. Opposition at Page ID # 412. AVG and NL have filed counterclaims against Alcon alleging, *inter alia*, violation of federal antitrust law. Motion at 2. Alcon also brought a separate suit against AVG and NL in the United States District Court for the Southern District of Florida relating to different products and predicated on different theories of liability. *Id*. at 3. However, the instant motion to quash relates only to the litigation pending in the E.D.N.Y. *Id.*

Mr. Wood is a senior partner at Hammond, Kennedy, Whitney & Company, Inc. ("HKW"), a private equity firm that acquired AVG and NL through a leveraged buyout in September 2017. *Id*. at 2; Opposition at Page ID # 413. He is also the Chairman of both the Board of Directors of AVG and the Board of Managers of NL. Motion at 2. Neither HKW nor Mr. Wood is a party to the litigation pending in the E.D.N.Y. *Id.*

The subpoena at issue, served on Mr. Wood on July 15, 2019, seeks the following eight categories of documents:

---

[2] Because the pages of Alcon's brief are misnumbered, I have referred to them by ECF-generated page number.

**REQUEST NO. 1:** All Documents referencing or concerning Hammond's investment in AVG, including all draft and final documents prepared by Hammond or AVG in furtherance of Hammond's investment in AVG, including but not limited to: Securities Purchase Agreement, Agreement and Plan of Merger, Subscription Agreements, Rollover Agreements, Disclosure Schedules, Escrow Agreement, Support Agreements, Closing Certificates, Board Consents, Stockholders Consents, and Shareholders Agreement.

**REQUEST NO. 2:** All Documents referencing or concerning the source(s) of contact lenses sold by AVG.

**REQUEST NO. 3:** All Documents referencing or concerning AVG's compliance with FDA regulations in connection with the importation, shipment or sale of contact lenses in the gray market.

**REQUEST NO. 4:** All Documents and [C]ommunications referencing or concerning the risks associated with selling contact lenses.

**REQUEST NO. 5:** All Documents and Communications referencing or concerning the risks associated with selling in the United States contact lenses that were intended for sale outside of the United States.

**REQUEST NO. 6:** All Documents and Communications mentioning or referencing Alcon or this Lawsuit.

**REQUEST NO. 7:** All Documents and [C]ommunications referencing or concerning the risks associated with selling defective contact lenses.

**REQUEST NO. 8:** All Documents and [C]ommunications referencing or concerning the risks associated with selling counterfeit contact lenses.

Subpoena at Page ID ## 29-30.

### III. Discussion

Mr. Wood argues that the Subpoena is overly broad, would subject him to undue burden and expense, seeks information that is unrelated to the subject matter of the underlying litigation, and seeks the disclosure of information that is confidential and/or commercially sensitive. Motion at 1. Alcon asserts that Mr. Wood possesses information that is relevant to the parties' claims and defenses and that compliance with the Subpoena would not be unduly burdensome to him. Opposition at Page ID ## 411, 416.

At about the same time as Alcon issued the instant subpoena to Mr. Wood, it issued a materially identical subpoena to HKW (the "HKW subpoena"). Notice of Supplemental Authority in Support of Jeffrey G. Wood's Motion [T]o Quash ("Supplemental Authority") (ECF No. 3) at 1. HKW moved to quash that subpoena in the United States District Court for the Southern District of New York. Order, Exh. B (ECF No. 3-2) to Supplemental Authority, at 1. On September 6, 2019, United States District Judge Analisa Torres quashed the HKW subpoena, concluding that it imposed an undue burden on HKW and was overbroad. *Id.* at 4-6.

Judge Torres noted that, although she was "not persuaded that Alcon ha[d] demonstrated relevance[,]" she hesitated, as part of a "'district court whose only connection with a case is supervision of discovery ancillary to an action in another district[,] . . . to pass judgment on what constitutes relevant evidence thereunder.'" *Id.* at 3-4 (quoting *Westernbank P.R. v. Kachkar,* No M8-85X3 (Part 1), 07-1606 (ADC-BJM), 2009 WL 856392, at *4 (S.D.N.Y. Mar. 27, 2009)). I follow that approach, declining to reach the questions of whether the documents at issue are relevant, confidential, or privileged.

Instead, as did Judge Torres, I quash the Subpoena on the basis that it imposes an undue burden on Mr. Wood. Alcon made no argument – either in its reply brief or during oral argument before this court on October 22, 2019 – that Mr. Wood possesses or has access to any relevant documents in his individual capacity. Rather, it seeks those documents from Mr. Wood in his capacities as a senior partner of HKW, which acquired the defendants, and Chairman of both defendants' boards of directors. *See* Opposition at Page ID # 416. However, for the reasons discussed below, that Mr. Wood may have acquired relevant documents in those capacities does not justify the burden on him, as a nonparty, of compliance with the Subpoena.

### A. Documents Available to Mr. Wood as Senior Partner at HKW

Mr. Wood may have possession of or access to documents sought by Alcon by virtue of his status as a senior partner at HKW.  However, Judge Torres has already quashed a subpoena commanding HKW to produce the same documents in the underlying E.D.N.Y. action because that subpoena "impose[d] an undue burden on HKW."  Order at 5.  In so ruling, Judge Torres emphasized that Alcon could obtain those documents directly from defendants AVG and NL and could "avail itself of other discovery tools under the Federal Rules of Civil Procedure" if AVG and NL failed to respond.  *Id.*[3]

Alcon seeks to distinguish this motion from that filed by HKW and granted by Judge Torres on the bases that, (i) here, the subpoena is directed to the defendants' Chairman and, (ii) whereas HKW submitted affidavits supporting its claim that it would be burdensome to search the entirety of its company files for responsive documents, Mr. Wood is an individual "whose computer can easily b[e] imaged without any burden to Mr. Wood himself."    at Page ID # 423.  I perceive no material distinction.

For the reasons discussed in Subsection (B), below, the fact that Mr. Wood is the defendants' Chairman does not counsel in favor of the denial of the instant motion to quash.  Nor does the fact that Mr. Wood is an individual.  As was true of HKW, Mr. Wood has submitted an affidavit supporting his claim that compliance with this subpoena would be burdensome, indicating, in effect, that the type of burden that would have been imposed on HKW would be shifted to him.[4]  As in the case of the HKW subpoena, the burden imposed by the subpoena served

---

[3] Indeed, as counsel for both Mr. Wood and Alcon indicated at oral argument, Alcon pursued that avenue, filing a motion in the E.D.N.Y. on October 14, 2019, to compel the production of certain documents from the defendants.  *See* ECF No. 166, *Alcon Vision, LLC v. Allied Vision Group, Inc.*, No. 1:18-cv-02486-MKB-PK (E.D.N.Y., filed Oct. 14, 2019).  An October 31, 2019, Minute Entry for Proceedings before Magistrate Judge Peggy Kuo indicates that Judge Kuo ruled on that motion.

[4] Mr. Wood avers that "to obtain all 'Documents' and 'Communications' requested by the Subpoena, I would be required to search physical records at each of HKW's, AVG's and National Lens' business locations, inquire of

on Mr. Wood, a nonparty, is undue because the documents at issue could be obtained from one or more of the defendants. To rule otherwise would run afoul of the "rule prohibiting inconsistent judgments." *Gentle Wind Project v. Garvey*, 407 F. Supp. 2d 280, 281 (D. Me. 2006).

### B. Documents Available to Mr. Wood as Chairman of AVG and NL

Mr. Wood may also be able to access documents by virtue of his position as chairman of both AVG and NL. Yet, the fact remains that those entities are parties, and Mr. Wood is not. "Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party" and, accordingly, "may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation.'" *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014) (citation and internal quotation marks omitted).

Moreover, courts have rejected attempts to obtain documents from a party by way of subpoena to that party's employee. *See, e.g.*, *Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622, 624 (D. Mass. 1988) ("Discovery of documents from a party is *not* accomplished pursuant to Rule 45(b) . . . . [A] party cannot secure documents from an opposing party by serving a deposition subpoena *duces tecum* on an employee of the opposing party commanding production of the party's documents at the deposition unless the provisions of Rule 34, F.R.Civ.P. [governing document requests to other parties], are followed.").

Here, as Alcon's counsel acknowledged at oral argument, Alcon sought to obtain documents pertaining to AVG and NL through Mr. Wood as an alternative to seeking those

---

custodians who hold various information on HKW's behalf and engage a third party information technology service provider to assist me in obtaining responsive electronic records[.]" Declaration of Jeffrey G. Wood ("Wood Decl."), Exh. C (ECF No. 1-3) to Motion, ¶ 5. He adds that he works full-time as a senior partner with HKW and, "if required to devote substantial time and effort to complying with the subpoena, as currently written, my ability to fulfill my duties at HKW would be compromised to the possible detriment of the firm." *Id.* ¶ 4.

7

documents from the defendants pursuant to Rule 34. However, Mr. Wood avers that he "do[es] not materially participate in the day-to-day operations of either AVG or NL[,]" Declaration of Jeffrey G. Wood ("Suppl. Wood Decl."), Exh. A (ECF No. 8-1) to Non-Party Jeffrey G. Wood's Reply in Support of His Motion To Quash Subpoena ("Reply") (ECF No. 8), ¶ 3, and would need "to search physical records at each of . . . AVG's and [NL's] business locations" to comply with the Subpoena, Wood Decl. ¶ 5. In any event, even if Mr. Wood possessed documents responsive to the Subpoena in his capacity as chairman of the defendants' boards, any such documents would be in the defendants' "possession, custody, or control" and, therefore, presumably obtainable through a Rule 34 document request to the defendants. Fed. R. Civ. P. 34(a)(1)(A).

Accordingly, the Subpoena imposes an undue burden on Mr. Wood not only in his capacity as a senior partner at HKW but also in his capacity as chairman of the defendants' boards.

### C. Costs

In his reply brief, Mr. Wood requests that the court impose the sanction pursuant to Rule 45(d)(1) of requiring Alcon to reimburse his "reasonable fees incurred in prosecuting his motion" because Alcon failed to withdraw the instant subpoena after Judge Torres quashed the HKW subpoena. Reply at 7. However, while the outcome in this case is the same, the points raised differ, pertaining to an individual who is the Chairman of the defendants' boards of directors. Accordingly, I decline to impose the requested sanctions.

### IV. Conclusion

For the reasons discussed above, Mr. Wood's motion to quash the subpoena served on him by Alcon is **GRANTED**.

### *NOTICE*

***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 6th day of November, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge